The action being continued nisi for advisement, the opinion of the Court was delivered in Boston, at an adjourned session of the last March term in Suffolk, holden in July, by
Sewall, J.
In this action, a loss is averred and proved, for which the defendants are liable, if, under the circumstances of the case, the policy had attached. The insurance was, by the terms of the policy, to commence at Barladoes on the 7th day of December at noon. According to the statement of facts agreed by the parties, the vessel had sailed from Barbadoes on the 6th, and on
the 7th was * in good safety near the Island of St. Vincent, on her voyage to Carthagena, and on the 11th suffered shipwreck on . the Island of Aves, and was lost.
The defendants resist the demand for this loss, upon the ground that the policy never attached, the vessel having left Barbadoes before the 7th, and not being, at the hour appointed for the commencement of the insurance, at the place where the risk is by the policy said to have commenced. At the time the policy bears date, neither party knew on what day the vessel had sailed from Barbadoes. But a newspaper, produced by the president of the insurance company, contained intelligence of her having sailed on the 8th of December, and the plaintiff had a letter from his master dated the 5th, informing that she then lay at Barbadoes, bound to Carthagena; and by this intelligence the time and place of commencing the risk, as stated in the policy, were determined; not, however, with any distinct view to the place, but merely regarding the time; the insured expressing an unwillingness to include in the policy any time, during which the safety of his vessel was ascertained.
The doctrine that the risk undertaken in a policy of insurance is to be described with suitable and convenient certainty, and that the insurers are not liable for a loss incurred in any voyage or risk, materially different from the risk described, will not be disputed. Where the insurance is upon a particular voyage or voyages, there is, generally speaking, no reference to any time, when the risk is to commence, or is expected to terminate. The termini of the risk are the place from and the place or places to which the vessel is bound. These are to be expressed in the policy; and if left in uncertainty by any omission or bla rk, and when either proves to have been *85 mistakenly, or untruly, or deceitfully stated, the insurance fails, the policy is void. When the insurance is for a term of time, the ter mini of the risk are the day and hour when the insurance commences, and when it terminates, which last may * be expressed by the term of its continuance; and to state the place where the risk shall be understood to have commenced, or where the vessel shall be when it terminates, is unusual, and, considering the uncertainty incident to the subject, would be inconvenient, and render the existence of the contract uncertain, if the parties were thereby authorized to insist upon an exact coincidence of time and place. In the most common cases, such a coincidence, in either form of insurance, is immaterial, and of no importance in estimating the risk insured, especially where the provision includes a period of time, and every place, without exception.
There are cases of insurance, where partial stipulations, to exclude from the risk certain times and places, have been found necessary; as, in assurances, of vessels at and from the West Indies, a warranty or condition is inserted, that the vessel shall sail from the port or island where the risk commences, by a certain day, •which is expressed, for the purpose of excluding the hurricane months, a season of extraordinary hazard in the West Indies. And there is no doubt but a failure in a stipulation of that kind puts an end to the contract, however immaterial to the risk the circumstance provided against may prove to have been, or however accidental or unavoidable the failure.
The question, therefore, in the case at bar, is, whether the provision in this policy, for commencing the risk at Barbadoes on the 7th of December, is to be understood as a warranty or condition that the risk shall commence there, to the effect of excluding every other place where the vessel might happen to be on that day. If that is the construction which must be given to this contract, then the insurance never commenced.
The insurance in the case at bar being for a term of time, the risk is described with sufficient certainty. The moment of time when, to the amount insured, the risk belonged to the insurers, and the term for the continuance or duration of their undertaking, are precisely stated. As *the insurance has effect, without any regard to place, in every part of the globe, for that term of time, there is no statement of any particular voyage or voyages, and the parties had no regard to any. What is said of the continuance during the voyage, and of the termination of the risk by an arrival and mooring twenty-four hours in safety, is plainly inconsistent with the general intent of the parties to this contract. If a question had arisen on this policy respecting the *86 termination of the risk, it would have been impracticable, I think, to give any meaning or effect to those words; for their operation must be, either to curtail the year to the last arrival of the vessel at some port where she had moored twenty-four hours in safety within the year, or to extend the term of the insurance to the next subsequent arrival after the year had expired. Either construction would be contradictory to the other provisions of this contract; and to give effect to the general intent of the parties, this inconsistent particular intent, if the words had any meaning, must be rejected.
The introduction of this absurdity probably arose from an unskil fui use of a printed blank policy, adapted to an insurance for a articular voyage, and unsuitable to the mode of insurance intended md expressed by these parties. The same unskilfulness led to the insertion of the words upon which this controversy has arisen.
When a particular voyage is insured upon a vessel, the place ‘rom and the place to which the vessel is bound, are the termini of the risk insured; but sometimes the insurance is made to commence at the place of lading, and usually the continuance is restricted to a certain time after the arrival of the vessel at the place of discharge. Where a circumstance in the description of the property or risk insured is in its nature wholly immaterial, the failure of it never operates to defeat the contract. (1) Its operation may be extended or defined by places and circumstances not otherwise essential.
The case may be supposed of an insurance from the port where the voyage commenced, and at and from an * intermediate port, where the vessel is at liberty to touch, stay, and trade, and thence to her port of discharge. If, under sucb an insurance, the intermediate port should be omitted in the course of that voyage, and the vessel should sail by it to her ultimate port of destination without stopping, it never would be insisted on that the voyage insured had not been pursued, and because the vessel had never befen, in fact, insured at the intermediate port, that therefore there was no insurance after her arrival and passing by it. Or, to suppose another case, nearer in one respect to the present, that an insurance commences, or the risk undertaken by the insurers begins, at and from an intermediate port, in a voyage understood to have commenced at some other port; and in the course of it the vessel should arrive off or at the port where the risk is described to commence, but proceeds without stopping; would the policy be defeated, because a part of the risk and undertaking by the insurers had never been incurred ? So, I apprehend, in the case at bar, the particular intent of insuring at Sarbadoes, or of commencing this *87 insurance there, is not exclusive of any other place; and the commencement of the risk is determined by the day and hour expressed in conformity to the general intent of the parties, which has no ••eference to the place where the vessel was when the risk commenced ; nor in the nature of the contract was that circumstance at all material.
When descriptive words include an immaterial circumstance, this is not to be understood, or construed, as a stipulation, or warranty, or condition, rendering the whole contract dependent on that circumstance. Where such stipulation is expressed, it must have its effect; but it is not to be taken by implication or construction, against the general import of the contract to be enforced.
I have found no judicial decision of any common law court, which I can cite as an authority for the decision of this cause, otherwise than in support of the general principles of construction, to which I have endeavored to adhere.
*I find in the works of a foreign jurist, the learned Bynkershoek, one case stated, and a decision upon it, with his opinion on the question, which has some analogy with the case at bar. (2)
In illustrating the rule, every where applied to contracts of insurance, — that the policy is void, if there be not inserted in it the names of the places, from and to which the vessel is bound, as descriptive of the voyage insured, to the end that the commencement and duration of the risk may be precisely known, — he states this case to have been decided by the Belgic council. The assured, in a policy made at Amsterdam, upon a vessel bound from Bilboa to Hamburgh, had it inserted in the policy, “ the insurance to commence from the Island of St. Martin’s, the assured having information that the vessel stopped there.” The vessel, having a favorable wind, sailed by the island, and made no stop there, but afterwards was lost at Dunkirk. The insurers in this case were adjudged liable for the risk and loss, and Bynkershoek approves the decision. But he also mentions that the same court made a contrary decision in a similar case, soon afterwards brought before them: requiring then a strict adherence to the words of the policy, and the stopping of the vessel at the place where the insurance was to commence, as a condition, the failure of which prevented the commencement of the insurance. This last decision Bynkershoek reprobates in very strong terms. The addition of the assured’s having intelligence that the vessel stopped at St. Martin’s was inserted, he says, for no other cause than as it respected the termini of the *88 risk, from what place it belonged to the insurer; for, as to the vessel’s stopping there or not, of what importance was it ? And therefore he adds, he should be of a different opinion, if the loss might be attributed to the failure of that circumstance; as in the case of a local restriction, and a duty to be paid at the place where the vessel was to have stopped, and a forfeiture in consequence of her sailing by without stopping. * In the case at bar, judgment is to be rendered for the plaintiff, and therefore, in pursuance of the agreement of the parties, the defendants must be called.

Defendants defaulted

 Park, c. 2. — Skin. 243.

 Bynk. 427. Quœst. Jur. priv. lib. 4. c. 1.