MASON D. VIGOREAUX *vs.* LIME ROCK INS. COMPANY.

*Time policy of insurance.*

In the case of a time policy of marine insurance, it is immaterial where the vessel may be at the inception or termination of the risk, especially if no mention thereof is made in the policy.

Thus, where the agent of the insurance company, for receiving and forwarding applications, in his letter to the company requesting an insurance on a vessel " for a year from March 14, 1866, at noon," added, "she was at Gibraltar on that date." *Held,* That the representation of her whereabouts was not material.

ON REPORT.

ASSUMPSIT on a marine policy effected April 9, 1866, " for one year from March 14, 1866, at noon." Alleged injury occurred March 15th, 16th, 17th, 18th, and 19th, 1866.

The facts are sufficiently stated in the opinion.

*Tallman & Larrabee,* for the plaintiff.

*A. P. Gould,* for the defendants, contended that the representation was equivalent to a statement, that the vessel was safe in the port of Gibraltar. It was material. It was immaterial whether incorporated into the policy or not; or whether treated as a warranty or representation; whether made in good faith or not. In the absence of proof, the positive representation is presumed to have materially influenced the judgment of the underwriter, and will avoid the policy. 1 Arnould on Ins. 521.

A misrepresentation from mistake, ignorance, or accident, of any material fact, however innocently made, will avoid the policy. 1 Arnould on Ins. 498, 499, § 187 note *m*; *Fiske* v. *N. E. Mar. Ins. Co.,* 15 Pick. 310; *Hazard* v. *Same,* 1 Sumner, 211; *N. Y. Bowery Ins. Co.* v. *N. Y. Ins. Co.,* 17 Wend. 359; *Kohne* v. *Ins. Co. of N. A.,* 1 Wash. C. C. 93; s. c. 158; *Carpenter* v. *Am. Ins. Co.,* 1 Story, C. C. 57; *Bryant* v. *Ocean Ins. Co.,* 22 Pick.

200, 203; *Dennison* v. *Thomaston Mar. Ins. Co.*, 20 Maine, 135; 1 Arnould on Ins. 499 note *m*, 500; *Baxter* v. *N. E. Ins. Co.*, 3 Mason, 97; 1 Arnould on Ins. 515.

Gibraltar was not one of the termini of the risk, and it was not absolutely essential that the ship should have been in that port March 14, at noon, but in a place of safety. *Dennistoun* v. *Lillie*, 3 Bligh, cited approvingly in *Rice* v. *N. E. Mar. Ins. Co.*, 4 Pick. 442; *Manly* v. *U. S. M. & F. Ins. Co.*, 9 Mass. 85. The last case is different from the case at bar. There the vessel was pursuing her voyage in safety.

Counsel also cited *Bell* v. *Mar. Ins. Co.*, 8 Serg. & R. 98.

APPLETON, C. J. On 10th April, 1866, the defendants insured the plaintiff, and whom it might concern, "lost or not lost, twenty two hundred dollars on the ship Thomas Lord for one year from March 14, 1866, at noon." Shortly after March 14th, the vessel was damaged and an injury sustained, for which the defendants are responsible, if the policy attached. The policy is what is termed a time policy, and in such case it is immaterial where the vessel may be at the inception or termination of the risk. It is not pretended that there was any fraudulent conduct on the part of the plaintiff.

The insurance was effected through the procurement of Edwin Reed, who was an agent of the defendants, receiving applications for insurance, and forwarding the same to them, for which service he was allowed a commission. In his letter to them of April 9, 1866, requesting an insurance "for a year from March 14, 1866, noon," he writes, "she was at Gibraltar on that date."

The defense is that this statement was a material representation, and not being strictly accurate, the policy never attached.

But the representation cannot be regarded as material. That the defendants did not so regard it, is evidenced by the fact that no mention is made of it in the policy. In *Manly* v. *United M. & F. Ins. Co.*, 9 Mass. 85, the policy was "for one year, commencing the risk at Barbadoes on 7th Dec. 1810, at 12 o'clock at noon of said day." In fact, the vessel had left Barbadoes the preceding day

The objection was taken that the policy never attached, but the court held otherwise. "When the insurance," observes Sewall, J., "is for a term of time, the *termini* of the risk are the day and hour when the insurance commences and when it terminates, which last may be expressed by the term of its continuance ; and to state the place where the risk shall be understood to have commenced, or where the vessel shall be when it terminates, is unusual, and, considering the uncertainty incident to the subject, would be inconvenient and render the existence of the contract uncertain, if the parties were thereby authorized to insist upon an exact coincidence of time and place." In *Martin* v. *The Fishing Insurance Co.*, 20 Pick. 389, a vessel was insured " at and from Calais, Maine, on the 16th day of July, at noon, to, at, and from all ports and places to which she may proceed in the coasting business for six months." It was held, that the policy attached, though there was no evidence that the vessel was prosecuting her voyage from Calais, on the day named, neither party knowing where the vessel was then, and it being their intention to insure on time, without regard to where the vessel might then be. Much more, in the case at bar should the policy be deemed to attach, as there is no reference whatever to place, but the risk commences and terminates at definite periods of time.

But if the law were otherwise, it is difficult to perceive what grounds of complaint the defendants can have. It does not appear that the plaintiff made any statements to the broker as to the locality of the vessel, or authorized him to make any to the defendants, or that he knew anything as to where the vessel was on the 14th March. Reed was a part-owner of the Thomas Lord, and made the statement on his own account from aught that appears. It is not pretended that his conduct was in the slightest degree dishonest. He was the agent of the defendants in procuring the insurance, and if without authority from the plaintiff, he made a representation which was not strictly true, the plaintiff, who neither directed nor desired it, should not suffer therefor.

But it is not that there was any misrepresentation. It is conceded that the vessel at the time from which the policy begins, was

in the bay of Gibraltar, and within the general anchoring ground. Indeed, the plaintiff's witnesses testify that it is considered rather an open bay than a proper harbor.

The plaintiff is entitled to recover. The damages have been agreed upon at $512.45. From this sum is to be deducted the premium note of $232 and interest, and a default is to be entered for the balance with interest from the date of the writ.

CUTTING, KENT, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.